Case 1:25-cv-00005   Document 21   Filed on 10/06/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA CASTELAN, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 1:25-CV-005 |
| | § |
| FRANK BISIGNANO, | § |
| | § |
| Defendant. | § |

## ORDER ADOPTING REPORT & RECOMMENDATION

Plaintiff Maria Castelan seeks review of the Commissioner of the Social Security Administration's decision to deny her disability benefits based on an Administrative Law Judge's findings. She alleged that the ALJ failed to properly consider opinions regarding her disabilities from Dr. Elizabeth Tamez, a licensed psychologist.

After the development of the administrative record, a United States Magistrate Judge ordered dispositive briefing from the parties, which they submitted. (Order, Doc. 9; Castelan's Brief, Doc. 13; SSA Response, Doc. 18) The resulting Report and Recommendation recommends that the Court affirm the Commissioner's final decision. (R&R, Doc. 19) The Magistrate Judge agreed with Castelan that the ALJ failed to properly account for Dr. Tamez's opinions, but found the error, in light of the record as a whole, to be harmless. (*Id.* at 13–15)

Castelan timely objected to the R&R, arguing that the Magistrate Judge applied the incorrect legal standard by improperly re-weighing the evidence and by misconstruing the evidence. (Objs., Doc. 20) Given these objections, the Court applies de novo review to the R&R's findings and conclusions. FED. R. CIV. P. 72(b)(3).

**I.**

The Court agrees with Castelan and the Magistrate Judge that the ALJ failed to explain his supportability and consistency analysis when rejecting Dr. Tamez's opinions as "not persuasive

since the limitations are vague and not stated in vocationally relevant terms." (ALJ Dec., Doc. 8–2, 36)  Administrative Law Judges must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] determination or decision." 20 C.F.R. § 404.1520c(b)(2).  As explained in the R&R, the ALJ in this case did not do so.

The Court also agrees with the Magistrate Judge that the error proved harmless, rejecting Castelan's objection that the Magistrate Judge applied the incorrect standard and applied the standard incorrectly.  When an ALJ fails to properly consider a medical opinion, the district court considers the extent to which that opinion conflicts with the ALJ's determination of the claimant's residual functional capacity. *See Madkins v. Bisignano*, 150 F.4th 657, 665 (5th Cir. 2025); *Kneeland v. Berryhill*, 850 F.3d 749, 758–762 (5th Cir. 2017).  "[T]he lack of conflict between [the two] means that [the claimant's] substantial rights were not affected, and error . . . was harmless." *Madkins*, 150 F.4th at 665.

The *Kneeland* and *Madkins* decisions prove illustrative.  In *Kneeland*, the ALJ ignored a medical opinion that the claimant could not stand for longer than 30 minutes, and relied on other evidence to conclude that the claimant could walk two hours within an eight-hour day.  After the district court affirmed the ALJ's decision, the Fifth Circuit reversed and remanded, explaining that the ALJ "legally erred by rejecting [the medical opinion] without explanation[.]" *Kneeland*, 850 F.3d at 759 ("Medical opinions, especially conflicting medical opinions, must be considered.").  The direct conflict between the ALJ's finding and the medical opinion rendered "it impossible to know whether the ALJ properly considered and weighed an opinion, which directly affects the RFC determination." *Id.* at 762.

In *Madkins*, the ALJ failed to properly consider a medical opinion that the claimant could "interact appropriately to coworkers and supervisors on a limited basis," and instead found that she was "moderately limited" and could interact with others "frequently," defined as "from one-

third to two-thirds" of the workday. *Madkins*, 150 F.4th at 665. The Fifth Circuit affirmed the ALJ's decision, finding that a "lack of conflict" existed between the medical opinion and the ALJ's finding of RFC.

Here, the Court finds *Madkins* analogous and *Kneeland* distinguishable. In particular, little, if any, conflict exists between Dr. Tamez's opinions and the ALJ's findings. Dr. Tamez opined that Castelan's "mental health, social, and occupational functioning is moderately to severely impaired." (Tamez Op., Doc. 8–7, 171–175) She did not specify how the moderate to severe impairment impacted Castelan's abilities to perform occupational tasks. The ALJ found that Castelan retained the ability to "understand, remember, and carry out detailed but not complex instructions." (ALJ Dec., Doc. 8–2, 26) On at least two occasions, the ALJ found Castelan's impairment to be "moderate" in specific areas, aligning with Dr. Tamez's opinions. (*See Id.* at 21, 24 ("In understanding, remembering, or applying information, the claimant has a moderate limitation."; "With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation.")) The record demonstrates that the ALJ's error in not including a consistency and supportability analysis in his decision did not affect Castelan's substantive rights and was, as a result, harmless.

## II.

For these reasons, the Court **OVERRULES** Castelan's objections and **ADOPTS** the Report and Recommendation (Doc. 19), as supplemented by this Order. It is:

**ORDERED** that the final decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

Each party shall bear its own fees and costs.

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on October 6, 2025.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge